Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 190913-30902
DATE: May 28, 2021

ORDER

Readjudication of the claim of service connection for a low back disability is warranted.

Readjudication of the claim of service connection for a right knee disability is warranted.

Readjudication of the claim of service connection for a left knee disability is warranted.

Service connection for a low back disability is granted.

Service connection for a right knee disability is granted.

Service connection for a left knee disability is granted.

FINDINGS OF FACT

1. New evidence has been received since the December 2006 denial that is relevant to the issues of entitlement to service connection for a low back disability, a right knee disability and a left knee disability. 

2. The Veteran's low back disability is etiologically related to service. 

3. The Veteran's right and left knee disabilities are etiologically related to service.

CONCLUSIONS OF LAW

1. The criteria for readjudication of the claim for service connection for a low back disability, a right knee disability and a left knee disability have been met. 38 C.F.R. § 3.156. 

2. The criteria for service connection for a low back disability have been met. 38 U.S.C. §§ 1110, 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303. 

3. The criteria for service connection for a right knee disability have been met. 38 U.S.C. §§ 1110, 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303. 

4. The criteria for service connection for a left knee disability have been met. 38 U.S.C. §§ 1110, 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from May 1959 to February 1982, including combat service in the Republic of Vietnam., and his decorations include the Combat Infantryman Badge, the Air Medal and the Parachutist Badge. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C. § 5108, 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA's) decision on their claim to seek review. The AMA became effective on February 19, 2019. In September 2019, the Veteran filed a VA Form 10182 (Notice of Disagreement (NOD)) under the AMA framework, electing the hearing lane by the Board of Veterans' Appeals (Board) of an April 2019 rating decision by a VA Regional Office (RO). 

The Veteran testified before the undersigned Veterans Law Judge in a May 2021 Board hearing. 

1. Readjudication of the claim for service connection for a low back disability. 

2. Readjudication of the claim for service connection for a right knee disability

3. Readjudication of the claim for service connection for a left knee disability

The Veteran's claims of service connection for a low back disability, a right knee disability and a left knee disability were denied in a December 2006 rating decision on the basis that such disabilities were not related to service. The Veteran did not appeal this decision or submit new evidence within one year of the denial. The December 2006 decision thereby became final. 

Since the December 2006 decision, the Board finds that the Veteran has submitted relevant evidence. Specifically, the Veteran has submitted additional evidence in the form of a February 2019 VA back conditions examination diagnosing the Veteran with lumbosacral strain, and a March 2019 addendum opinion that such disability could be related to multiple jumps while in service. He has also submitted a February 2019 VA knee and lower leg conditions examination diagnosing bilateral knee strain, and a March 2019 addendum opinion that such disability could be related to multiple jumps while in service. The Veteran has also presented his testimony in a May 2021 Board hearing. The Board finds that the newly submitted evidence tends top prove or disprove the Veteran's claim. 38 C.F.R. § 3.2501(a)(1). The Board finds that new and relevant evidence has been presented and readjudication of the claim for service connection for a low back disability, a right knee disability and a left knee disability is warranted. 

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. A veteran seeking compensation under these provisions must establish three elements: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

In cases of a veteran who engaged in combat with the enemy during active service during a period of war, VA will accept lay evidence of in-service incurrence of a disease or injury, if the lay evidence of onset is consistent with the circumstances, conditions, or hardships of the veteran's service, notwithstanding the lack of documentation of this in-service incurrence. See 38 U.S.C. § 1154(b). Further, not only is the combat injury presumed, but so, too, is the disability due to the in-service combat injury. Reeves v. Shinseki, 682 F.3d 988, 998-99 (Fed. Cir. 2012). 

4. Entitlement to service connection for a low back disability. 

5. Entitlement to service connection for a right knee disability. 

6. Entitlement to service connection for a left knee disability. 

The Veteran seeks service connection for a low back, right knee and left knee disability, contending such began during service as a result of multiple jumps in airborne school. See, e.g., September 2006 VA Form 21-526. 

The Veteran's DD Form 214 shows that his decorations and awards include the Parachutist Badge, the Air Medal and the Combat Infantryman Badge; his training includes completing the jumpmaster course. 

The Veteran has current diagnoses of bilateral knee strain, lumbosacral strain and osteoarthritis of the bilateral knees and low back. See October 2005 private treatment; see also February 2019 VA examinations. The critical question in this case is the etiology of the diagnosed low back and right and left knee disabilities. 

Post-service treatment records include a November 1998 private treatment record noting the Veteran's complaint of back pain off and on. An August 2004 VA treatment record reflects the Veteran's complaint of occasional knee pain; a November 2004 VA treatment record notes his complaint of chronic lower back pain. 

The Board acknowledges the February 2019 and March 2019 VA examiner's unfavorable nexus opinions. However, the Board finds that such opinions are of no probative value given the examiner's lack of consideration of the combat service. Notwithstanding, the Board does find it significant that the March 2019 VA addendum opinion acknowledged that the Veteran's multiple jumps during service could have led to his current low back, right knee and left knee disabilities. 

(Continued on the next page)

As noted above, the Veteran's DD Form 214 shows his decorations include the Parachutist Badge and that his training included the jumpmaster course. His reports of completing a multitude of jumps are consistent with the circumstances of his combat service. 38 U.S.C. § 1154. Moreover, given the Veteran's competent and credible reports of the onset and recurrence of his low back and right and left knee disabilities during and since service, his current diagnoses of low back and right and left knee disabilities, as well as application of the combat presumption, the Board finds that service connection for a low back disability, a right knee disability and a left knee disability is warranted. See Reeves, 682 F.3d at 998-99; 38 C.F.R. § 3.303(a). Thus, all three elements necessary to establish service connection have been met. 

 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Marley, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.